Good morning, Your Honors. May it please the Court, my name is Joseph Trujillo, counsel for Petitioner Appellant Payman Borhan. This case involves allegations of egregious attorney misconduct, so serious that this Court took the unusual step of ordering Mr. Borhan's attorney to show cause for why she shouldn't be sanctioned over them. His attorney filed his federal petition past the end of the deadline, not only because she failed to identify controlling that circuit law, but because she ignored his repeated letters warning him, warning her of the deadline, but also even worse. Counsel, these facts are not established in the record, are they? Yes, yes, they are. I understand they're supported by some things in the record, but they were never resolved, were they, by the district court? Your Honor, the district court denied Mr. Borhan's Rule 60, the emotions that alleged that he But we have response from counsel explaining that she didn't receive letters, so that would be a controverted point. So it's hard to say that she ignored his letters if she says I didn't get his letters, right? Well, Your Honor, the declaration by counsel that was submitted after district court proceedings was not before the district court and should not be considered, but to the extent it is, Mr. Borhan does dispute the allegations, and it is another reason I'm just trying to figure out what we know for sure and what we don't know for sure. So do we know for sure that she willfully ignored his letters? We do not know. The record does not know anything beyond his allegations.  But as this Court has said in Roy v. Lamport, Mr. Borhan's allegations should be considered true for the purposes of deciding whether a hearing is warranted to see whether equitable tolling should occur. And that hearing was not granted in this case. The district court ignored those allegations when it denied Mr. Borhan's even a hearing on equitable tolling. How do his allegations compare to the facts established in Holland? They're very similar, Your Honor. In Holland, the lawyer, like here, failed to do the necessary research to find out the proper filing date. Here, Mr. Borhan's attorney failed to identify a controlling nice circuit law. In Holland, the failure to do the research occurred despite the Petitioners or the clients' many repeated letters urging her to do so. And here also, Mr. Borhan wrote or warned his attorney many times about the deadline and the importance of the deadline, very similar to Holland. Similarly, in Holland, the lawyer misleadingly assured the client he was going to do the work. Here also, Mr. Borhan's attorney told him, hey, trust me, I'm your lawyer, do the work. So the facts are very similar to Holland. She failed to abide by her professional standard of care. And this case is also very similar to this Court's cases of Doe v. Bedley and Spitson, where the Court was also faced with attorney conduct for not only failing to do the to be careful about the deadline and watch the deadline. So we have here extraordinary circumstances based on those three factors of failing to fulfill a basic duty by researching controlling law, ignoring or ignoring the client's letters, whether that be because the mail misdelivered them, which is an extraordinary circumstance on its own, or whether that be that it was willful. And third, misleadingly advising Mr. Borhan that, hey, she had the right deadline, which was wrong. And then even after the statute of limitations ran, she stopped him from preventing his rights even further by saying, hey, the AG waived the issue, even though she was wrong  Day v. McDonough by the Supreme Court says you don't waive the issue of the statute of limitations. So she prevented Mr. Borhan from stepping in pro se to do his own thing until he filed the Rule 60b motions. So the record also establishes diligence, Your Honor. Mr. Borhan, just like Doe, perhaps misguided, perhaps without the legal skill that a more skilled litigant would have, pursued his rights diligently in district court, filing Rule 60b motions over and over again, trying to assert his rights, all to no avail. In fact, two months after the district court or the magistrate denied his petition, he tried to file a supplemental objection saying, hey, my client abandoned or my lawyer abandoned me. This is why I'm not able to file this petition on time. The court struck that pleading and said, hey, you're represented. You're out of luck. He then filed a Rule 60b motion after this Court denied a certificate of appealability based on what his lawyer argued was equitable tolling, which was not sufficient for equitable tolling under any theory. And so he did everything he could to follow the courts or to get his petition heard on time. Your Honor, the Rule 60b motions present allegations that, if true, prove equitable tolling. Both the November 1st denial had those allegations before it, and the December 9th denial had those allegations before it. However, Mr. Burhan went further by proving those allegations through the letters he submitted to the district court and the December 9th denial. So those letters actually prove, and this Court, if it feels like it can do so, can grant equitable tolling based on the existing record, based on the exhibit shown. So if there's no other questions by the Court, I will reserve the rest of my time for the letter. Roberts. May I do so? Good morning. May it please the Court. Deputy Attorney General Daniel Chang appearing on behalf of Respondent. Unless the Court has any questions regarding the issue of the timeliness of the notice of appeal, I'm prepared to submit on the briefs on that matter and move on to the issue of the merits. What is the standard of review in this case? Well, the standard of review is that the denial of a Rule 60b motion is reviewed for abuse of discretion, which requires a showing of clear error. A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested or if its application of the correct legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in its record. Now, Petitioner must also show that his fastest abandoned Petitioner for him to be entitled to equitable tolling. It's not sufficient for him to allege that she was negligent or that she was a bad attorney. He must show that his fastest actually abandoned him. Counsel, the problem is, is that we have dueling declarations here. If we believe the Petitioner, then she abandoned him. If we believe his counsel, then, one, she made – she clearly – she made a mistake, which is just simple negligence for which he perhaps has a – has a, you know, malpractice suit against her. But whatever it was, it was also compounded by the fact that she had a number of misdeliveries for which the post office has acknowledged. And that would seem to be to compound sort of the problem of his saying, I tried to advise my counsel. And maybe this whole thing could have been corrected if she had received his letters in a timely fashion. So either sort of one way or the other, either she's ignored him willfully or she never received his letters, which might have put her on notice that there were some jailhouse lawyers who thought that she had 90 fewer days to file his petition than she thought. Why isn't that deserving of some kind of a hearing? Well, with respect to your – with respect to the statement that there are dueling declarations, the only declaration that was filed that was before the district court was the declaration that she filed in response to the district court's order. The declaration that Ms. Bassus filed in response to this Court's grant on the COA was not before the court's – was not before the district court and is not relevant to this – to this Court's interpretation or this Court's determination of whether or not the district court abuses discretion in denying the Rule 63 motion. But even assuming, Your Honor, that all the allegations are true, Petitioner would – this Court should still affirm the district court's Rule 63 motion because Petitioner has not demonstrated that he is entitled to equitable tolling. If you take everything that the Petitioner says as truth, why wouldn't that be abandonment? I mean, if I hired a contractor to do something, build an extension on my house by a certain date that the city required it in order for me to have that permit done, and that contractor repeatedly says, count on me, count on me, and I say, listen, the date's coming up. He says, count on me, trust me, trust me, I'll do it. And then he doesn't build that addition and I can't have that addition anymore. Why hasn't he abandoned me? Why isn't that more than just negligence? Yes, sir. And let me – let's – let me bring the central issue in this case is that she miscalculated the statute of limitations. Petitioner says that, hey, I sent her letters. I asked her to recalculate – double-check the limitations period. I don't want you to blow the deadline. Hey, some jailhouse attorney tells me that maybe I don't get the 90 days of tolling following the California Supreme Court's – denial of his California Supreme Court Habeas Petition. Ms. Bassett said she relied on a Sixth Circuit en banc decision and a Velody Martin in believing that Petitioner did receive – or did receive tolling for the 90 days following the California Supreme Court's denial of his Habeas Petition. Now, was that a mistake? Absolutely. That's because four years earlier, this Court, in White v. Klitsky, said that Petitioners are not entitled to 90 days of tolling for that 90-day period. But that's all it was. It was Ms. Bassett's mistake. Well, it is a very fact-specific inquiry that turns on the set of facts in each individual case, but we do have some Supreme Court guidance in Holland. So how is – how are the facts in this case so materially distinguishable from Holland such that the defendant in Holland got some benefit and this Petitioner, in your view, doesn't have the same benefit? Yes, Your Honor. And the facts of Holland are very distinguishable from this case. In Holland, the Petitioner's attorney failed to communicate with him for years. He failed to research the filing date of the Federal Petition despite Petitioner's letters that identified the applicable legal rules, and he failed to inform the Petitioner about the crucial fact that the Florida Supreme Court had decided his case. Now, this is not a case in which Ms. Bassett didn't do any research at all. Again, she relied on the Sixth Circuit en banc decision in Abella v. Martin. And – She could find a Sixth Circuit case, but she couldn't find a Ninth Circuit case? That was a mistake. That was a mistake on her part. And it's clear in both Holland and Naples, both cited by the Supreme Court, that mistakes by attorneys do not entitle the Petitioner to equitable tolling. Now, in Holland, to get to your point, Your Honor, he – the Petitioner – the Petitioner's attorney there failed to communicate with him for years. That's not the case in this – in this case at all. The record is replete with examples, which are in the excerpt's record, of letters that Ms. Bassett sent Petitioner, of letters that she sent her – Petitioner's mother, in which she – she summarized her previous conversations with him regarding the status of his petitions, in which she updated him about the status of the petition. So there are many letters. Is this on the record before the district court? Yes, Your Honor, it was. And so this is not a case in which she cut off all communications with Petitioner at all. And I find it telling that in this reply brief, Petitioner does not even acknowledge the existence of those letters. And I think the reason is clear. It's because those demonstrate that she did not abandon Petitioner. And so any evidentiary hearing would be moot, because any evidentiary hearing would merely elicit evidence that she did not abandon Petitioner. There's no way that there could be evidence that she did abandon Petitioner because there's documents in the record right now which demonstrate that she clearly did not. In the record before the district court, does the attorney concede the fact that she received a letter from the Petitioner that alerted her to his belief that perhaps her calculation of the deadline was wrong? No. I think in the declaration that she filed in response to this Court's COA, it says that she never received that letter about the jailhouse attorney. But again, that letter was not filed. I'm talking about before the district court. Oh, no. The declaration that she filed before the district court merely stated, and I'm paraphrasing here, that she relied on the Sixth Circuit en banc decision at Bella, and that's why she messed up the calculation of the debt to statute limitations. So the allegation that Petitioner raised with regard to alerting her to the fact that some jailhouse lawyer told him that she may have miscalculated the deadline, that allegation stands uncontested before the district court? I'm not sure if it can be characterized as uncontested, but even assuming the district court believed that allegation, it wouldn't change the calculus of whether or not he's entitled to equitable tolling. Now, just very briefly, with respect to the remaining factual allegations that Petitioner alleges, the complaints regarding Ms. Bassus about how she filed the petition in the wrong court, that is uncontested. There's no doubt she filed it initially in the Southern District of California when, in fact, she should have filed it in the Central District of California. But again, that does not constitute an entitled Petitioner to equitable tolling because as the district court expressly found in its report and recommendation, even using the earlier date in which she filed the petition in the Southern District, her – his petition would still be untimely. So this is not a case in which the filing of the petition in the wrong district court causes Federal petition to be untimely. That had – that fact is irrelevant to whether or not he's entitled to equitable tolling. So this – So your whole argument is that she just made a mistake, and it doesn't rise to extraordinary circumstance. This is a – It does not rise to that extent. This is a run-of-the-mill mistake. I'm not saying that it does not rise to extraordinary circumstance. I'm saying it does not rise to abandonment, which is the standard that has been set out in Holland and Maple's case. In Holland, Justice Alito took into account principles of agency and said in his concurrence that, well, if a petitioner's attorney abandoned the petitioner, as the facts in Holland demonstrated, then, yes, we can give Petitioner the benefit of equitable tolling. Now, Justice Alito's concurrence was adopted by the majority in Maple's, which albeit was a procedural default case, but again, it's adaptable to an equitable tolling argument in which the majority in Maple's adopted Justice Alito's abandonment standard. So my argument is that nothing in the record – in fact, nothing in the record demonstrates that Ms. Bassus abandoned Petitioner. In fact, all the documents, the letters, demonstrate the very exact opposite, that she was in consistent communication with Petitioner throughout the period of Federal habeas litigation. And finally, Your Honor, my final point is that the remaining allegations against Ms. Bassus about how she advised him that a rule – another Rule 60 motion was not an available avenue of relief, how she might have charged him additional fees to prepare something in the Ninth Circuit. The rule is, is that Petitioner, for him to be entitled to equitable tolling, must show that those circumstances caused his petition to be untimely. Now, his allegations about Ms. Bassus not advising him that a Rule 60 avenue – Rule 60 motion was not an avenue of relief, those all happened after the petition was deemed to be untimely. So again, those allegations are irrelevant to the calculus of whether or not he is entitled to equitable tolling. Kennedy. Is there a distinction between this Court's authority to order a hearing on it and the standard there and your determination as to whether the abandonment has, in fact, occurred as a matter of law? In other words, doesn't this Court have some discretion to just say, this matter should be – there should have been a hearing on this and the record needs to be developed? And then the district court makes its findings and you have a full-blown hearing, and then another panel can decide whether this constitutes abandonment or not. This Court can order an evidentiary hearing on this issue. However, I would argue, respectfully submit, that such an evidentiary hearing is not warranted because even assuming that all his allegations are true, the record – this issue can be settled based on the existing record, Your Honor. And you're saying as a matter of law, this can't, and the facts, specific facts in this case, it's all case by case, it cannot constitute abandonment. Yes, Your Honor. That's correct. Unless the Court has any questions, I'm prepared to move on to the brief. Thank you, Mr. Chang. Thank you. Mr. Tregilio, you reserve some time. Thank you. To start, Your Honor, Mr. Borhon would have been better off had he been abandoned, had he not retained counsel at all. But Holland, and I'll point the Court to 130 Supreme Court at 2562 is the exact site, specifically states abandonment is not required. It states, in this case, the extraordinary circumstances at issue involve an attorney's failure to satisfy professional standards of care. That is the standard. Abandonment, like for Maples, is a whole different issue regarding cause and prejudice for procedural default. For equitable tolling, you have to show extraordinary circumstances which the Supreme Court and this Court has said can be failure to fulfill basic client duties or failure to provide basic standards of care. And here, that's exactly what happened. And again, for the three reasons of failure to identify a controlling Ninth Circuit law, having nine months to do so, she was retained nine months left on the deadline, failure to listen to her client when he wrote her two letters that said the deadline is coming up in June, and then misadvising him, thereby stopping him from protecting his own rights. So we – with the exhibits he provided, in addition to his allegations, we submit that equitable tolling is – can be found on the record. But as this Court has hinted to, a hearing is warranted also under Ward v. Lamport to at least prove that Mr. Borhon's allegations are true, because he's demonstrated his entitlement to relief if those allegations are true. So I'll submit on that, Your Honor. Okay. Thank you. We thank both counsel for the argument. The case is submitted, and that completes the docket. We are adjourned.
judges: Benavides, Bybee, Nguyen